UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CESY GALEAS, on behalf of herself and all other
persons similarly situated,

                                Plaintiff,                              **COMPLAINT**

     -against-

AMNEAL PHARMACEUTICALS, INC.,                        *Class Action Lawsuit*

                             Defendant.
-----------------------------------------------------------------------X

       Plaintiff, CESY GALEAS ("Plaintiff"), on behalf of herself and all other persons similarly

situated, by and through her attorneys, the Law Office of Peter A. Romero PLLC, complaining of

the Defendant, AMNEAL PHARMACEUTICALS, INC. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

       1.      Plaintiff brings this action on behalf of herself and similarly situated current and

former employees of Defendant who were employed as hourly-paid manual workers in the State

of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory

damages for violation of New York Labor Law §191). Plaintiff seeks injunctive and declaratory

relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other

appropriate relief.

## JURISDICTION AND VENUE

       2.      This Court has original jurisdiction pursuant to the Class Action Fairness Act, 28

U.S.C. § 1332(d), because (a) at least one member of the proposed class is a citizen of a state

different from that of Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of

interest and costs, (c) the proposed class consists of more than 100 class members, and (d) none of

the exceptions under the subsection apply to this action.

3.      Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

4.      Plaintiff is a citizen of the State of New York.

5.      At all times relevant, Plaintiff was an "employee" within the meaning of Labor Law § 190(2) and a "manual worker" within the meaning of Labor Law § 190(4).

6.      Defendant is a corporation organized and existing under the laws of State of Delaware with corporate headquarters located in New Jersey.

7.      At all times relevant, Defendant was an "employer" within the meaning of Labor Law § 190(3).

## FACTUAL ALLEGATIONS

8.      Defendant is a pharmaceutical company engaged in developing, manufacturing, marketing and distributing high-value generic and branded specialty pharmaceutical products.

9.      As of December 31, 2020, Defendant had approximately 6,000 employees, of whom approximately 2,300 are located in the United States.

10.      Defendant maintains manufacturing and warehouse facilities in Hauppauge, New York and Yaphank, New York.

11.      Defendant employs non-exempt workers at its manufacturing and warehouse facilities in New York including, but not limited to, machine operators, automation technicians, electricians, HVAC mechanics, and hi-lo operators.

12.      Plaintiff was employed by Defendant as an hourly-paid machine operator from in or about December 2011 to in or about May 31, 2021.

13.    During her employment, over twenty-five percent of Plaintiff's job duties required physical tasks including, but not limited to, standing for extended periods of time, lifting, bending and cleaning.  Plaintiff was a "manual worker" within the meaning of Labor Law § 190(4).

14.    Defendant has employed many similarly situated "manual workers" including, but not limited to, automation technicians who install and troubleshoot mechanical systems; electricians, who install and maintain electrical systems; HVAC mechanics, who install and maintain heating, ventilation and air conditioning systems; and hi-lo operators, who load and unload material with forklifts.

15.    Defendant failed to pay Plaintiff and similarly situated manual workers employed in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned."  Instead, Defendant paid Plaintiff and similarly situated manual workers on a bi-weekly or semi-monthly basis pursuant to its payroll policy in violation of New York Labor Law § 191.

<u>RULE 23 CLASS ACTION ALLEGATIONS</u>
<u>NEW YORK STATE LABOR LAW</u>

16.    Plaintiff brings New York Labor Law claims on behalf of herself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant as hourly-paid manual workers in the State of New York at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

17.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendant.  The hours assigned and worked, the position held, and rates of pay and dates of employment for each Class Member may also be determinable from Defendant's records.  For purposes of notice and other purposes related to this

action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

18.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as hourly-paid manual workers at any time during the six (6) years prior to the filing of this Complaint.

19.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of Labor Law section 191 and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

20.     Plaintiff's claims are typical of the claims of the Class that she seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned."  Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class Members were subject to the same corporate practices of Defendant.  Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.  Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

21.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

22.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

23.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

24.     The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

25.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class

actions provide Class Members who are not named in the complaint a degree of anonymity, which

allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## FREQUENCY OF PAYMENT VIOLATION

26.    Plaintiff alleges and incorporates by reference all allegations in all preceding

paragraphs.

27.    Plaintiff and Class Members are manual workers as defined by the New York Labor

Law.

28.    Defendant was required to pay Plaintiff and Class Members on a weekly basis, and

no later than seven days after the end of the workweek in which the wages were earned.

29.    Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead

paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of Labor Law §191.

30.    Plaintiff and Class Members are entitled to damages equal to the total of the delayed

wages and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated

persons, prays for the following relief:

(i.)    Certification of a Class Action pursuant to F.R.C.P. 23;

(ii.)    Designation of Plaintiff as representative of the Class and counsel of record as Class
Counsel;

(iii.)    Issuance of a declaratory judgment that the practices complained of in this
Complaint are unlawful under the New York Labor Law;

(iv.)    Damages pursuant to NYLL § 198;

(v.)    Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(vi.)    Pre-judgment and post-judgment interest as permitted by law; and

(vii.)    Such other relief as this Court deems just and proper.

Dated:  Hauppauge, New York
        July 27, 2021

                        LAW OFFICE OF PETER A. ROMERO PLLC

        By:    */s Peter A. Romero*
               _____
               Peter A. Romero, Esq.
               825 Veterans Highway
               Hauppauge, New York 11788
               Tel. (631) 257-5588
               promero@romerolawny.com

               *Attorneys for Plaintiff*